WILLIAM JOSLIN, Executor, etc., Plaintiff in Error, v. P. CAUGH-LIN and J. T. BROWN, Defendants in Error.

1. CONTRACT: RESCISSION, GOOD FAITH IN.—Good faith must be observed by the parties to a contract, whether it relates to its consummation in the first instance, its rescission, or its performance.

2. EXECUTOR'S SALE: IRREGULARITY IN, EXCUSE FOR FAILURE TO RETURN THE PRO-. PERTY.—A purchase of a slave from an administrator or executor, cannot avoid the payment of the purchase-money on the ground of irregularity in the sale, unless he promptly, on the discovery of the irregularity, return the slave to his vendor, or offer to do so; and it is no excuse for a failure to do this, that the slave died; unless it also be shown that the death occurred before a reasonable time had elapsed in which he could make the offer.

IN error from the Circuit Court of Lafayette county.   Hon. P. T. Scruggs, judge.

*J. F. Cushman,* for plaintiff in error,
Cited 27 Miss. R. 852; 1 Dana, 30; 5 Monr. 272; 9 B. Monr. 526; 10 S. & M. 120; Chit. Cont. 513; 26 Miss. R. 88.

*I. M. Henry,* for defendant in error,
Cited *Brown* v. *Smith,* 5 How. 387; *Campbell* v. *Brown,* 6 Ib. 230, 272; *White* v. *Trotter,* 4 Cushm. 88; 12 S. & M. 336; *Hoover* v. *Peirce,* 5 Cushm. 9; *Green* v. *Robinson,* 5 How. 30; *Cowen* v. *Rizer,* 5 How. 769.

FISHER, J., delivered the opinion of the court.
The plaintiff in error brought this suit in the Circuit Court of Lafayette county, to recover the amount of a promissory note made by the defendants.
The defence set up is, that the note was given to secure the

Joslin *v.* Caughlin et al.

purchase-money agreed to be paid for a certain slave, sold by the plaintiff, as executor, &c., at public sale, without any valid order of the Probate Court, authorizing the sale to be made.  The plaintiff replied, that the defendants were in the possession of the slave in virtue of said purchase, without any offer on their part, to return her to the plaintiff.  The defendants demurred to this replication, and the demurrer being sustained, the cause was brought into this court by writ of error, when it was decided that the demurrer was improperly sustained; and the cause was accordingly remanded.

The defendants having obtained leave in the court below to amend their pleadings, put in an answer, stating that the slave died before the suit was commenced; and for this reason they could not return her.  The plaintiff demurred to this answer, and the court overruled the demurrer.  Issue was thereupon taken upon the answer, and a verdict found for the defendants; upon which the court rendered the proper judgment.

We will notice only the question presented by the last demurrer in the court below.  The answer sets up, as an excuse for not returning the slave, that she died before the suit was commenced.  This answer is too vague and uncertain to constitute a defence.  The defendants were bound either to return the slave within a reasonable time after obtaining possession of her, or to show a good excuse for not doing so.  Good faith must be exercised by all the parties to a contract, whether it relates to its consummation in the first instance, to its rescission, or to its performance.  So long as the slave was in the adverse possession of the defendants, the plaintiff was prevented from proceeding to administer the property by regular course of law; and they should, therefore, after discovering the irregularity as to the title, have been prompt in restoring the property to the executor.

Judgment reversed, demurrer sustained, and cause remanded.